UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN J. SABBETH,

                    Petitioner,       **MEMORANDUM OF DECISION AND ORDER**
                                                               04-CV-0105 (DRH)

       - against-

UNITED STATES OF AMERICA,

                    Respondent,
----------------------------------------------------------X

**A P P E A R A N C E S :**

**Attorney for Petitioner:**
**HOFFMAN & POLLOK LLP**
260 Madison Avenue
New York, NY 10016
By: John L. Pollok, Esq.

**Attorney for Respondent:**
**ROSLYNN R. MAUSKOPF**
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201
By: Charles S. Kleinberg, A.U.S.A.

**HURLEY, District Judge:**

       Stephen J. Sabbeth ("Petitioner") petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, from his July 27, 2000 conviction before this Court. For the reasons stated below, the petition is denied.

## BACKGROUND

       On May 7, 1997, a federal grand jury charged Petitioner with one count of conspiracy to commit bankruptcy fraud, in violation of 18 U.S.C. § 371; one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(7); three counts of making false oaths in relation to a bankruptcy

proceeding, in violation of 18 U.S.C. § 152(2); and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I). Following a four-week trial, a jury found Petitioner guilty of all six counts and on July 21, 2000, the Court sentenced Petitioner to 97 months imprisonment, 3 years supervised release, restitution in the amount of $125,000, and a special assessment in the amount of $300.

Petitioner subsequently filed a timely notice of appeal. On August 21, 2001, Petitioner's conviction was affirmed by the Second Circuit. *See United States v. Sabbeth,* 262 F.3d 207 (2d Cir. 2001). On September 4, 2001, Petitioner's appellate counsel filed a motion for rehearing or rehearing en banc. On October 16, 2001, the Second Circuit issued an order denying the petitions for rehearing and for rehearing en banc. On October 23, 2001, Petitioner's counsel filed a motion for a stay of the mandate pending the filing of a petition for writ of certiorari. In the motion, counsel asserted that he intended to file a second petition for reconsideration on the Petitioner's behalf based upon a then recent amendment to the United States Sentencing Guidelines, which would become effective nine days later, on November 1, 2001. (Resp't's Mem. at 11.)

On November 5, 2001, Petitioner's counsel filed a second motion for reconsideration based upon the 2001 amendment to the Sentencing Guidelines. On November 6, 2001, the Second Circuit granted Petitioner's motion for a stay of the mandate pending his filing of a petition for writ of certiorari. On January 11, 2002, after briefing was complete, the Second Circuit denied Petitioner's second motion for reconsideration. *See United States v. Sabbeth,* 277 F.3d 94 (2d Cir. 2002).

On February 6, 2002, the Second Circuit received a pro se letter from Petitioner seeking to reargue the second rehearing petition which the court had just denied. (Resp't's Mem. at 12.)

2

The docket sheet reveals that because Petitioner was represented by counsel, the Second Circuit forwarded Petitioner's letter to counsel for a response. (Pet. Ex. A.) On February 26, 2002, the Second Circuit received a second pro se letter from Petitioner also seeking reargument of the January 11, 2002 Order, which was similarly forwarded to Petitioner's counsel. (*Id.*; *see also* Resp't's Mem. at 12.) On March 6, 2002, Petitioner's counsel moved to be relieved.

Thereafter, on March 14, 2002, the Second Circuit issued its mandate. Five days later, on March 19, 2002, the Second Circuit granted Petitioner's attorney's motion to be relieved as counsel. That same day, Petitioner, acting pro se, filed a third petition for rehearing and for rehearing en banc. The docket sheet notes: "Problem: Petition was previously DENIED." (Pet. Ex. A.) Approximately six months later, on September 25, 2002, after Petitioner had apparently sent five letters to the Second Circuit inquiring into the status of his third petition for rehearing, Petitioner filed a fourth motion seeking leave to file a second pro se petition for rehearing. On October 15, 2002, the Second Circuit denied this motion.

Thereafter, Petitioner sent two letters to the Second Circuit, entered on the docket October 25, 2002, and January 14, 2003, respectively. On January 16, 2003, a letter was sent to petitioner by the Second Circuit advising him that "[b]ecause this Court no longer has jurisdiction over this matter, we can be of no further assistance to you." (Pet.'s Reply Ex. B.). The docket sheet reflects that Petitioner sent two more letters to the Second Circuit in February and March of 2003, the latter of which requested information regarding "'any deadlines for certiorari, further appeal, and 2255 motions.'" (Pet. Ex. A.)

On January 12, 2004, Petitioner filed the instant petition. Respondent argues that the petition must be dismissed because it was not filed within the statutorily required time. Petitioner contends that his filing was timely and argues alternatively that should the Court find

his petition untimely, the limitations period should be equitably tolled. For the reasons that follow, the Court finds that the petition is not timely and that equitable tolling does not apply. Accordingly, the petition is dismissed.

## DISCUSSION

### I. *Timeliness of the Petition*

#### A. *Applicable Legal Standards*

Prior to the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), there was no statute of limitations governing requests for federal habeas corpus relief. *Clay v. United States*, 537 U.S. 522, 528 (2003). Effective April 24, 1996, the AEDPA requires, among other things, that § 2255 motions be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Here, the parties agree that the triggering event relevant to this action is contained in subdivision (1), i.e., "the date on which the judgment of conviction becomes final." *Id.*

Congress did not explicitly state in the AEDPA when a judgment of conviction becomes final for purposes of § 2255. In *Clay*, however, the Supreme Court held that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or

denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."
537 U.S. at 527. Here, Petitioner did not file a petition for a writ of certiorari; thus, his conviction became final when his time for such filing expired. *Id.* at 532 ("[F]or federal criminal defendants who do not file a petition for writ of certiorari with th[e] [Supreme] Court on direct review, §2255's one year limitations period starts to run when the time for seeking such review expires.").

Supreme Court Rule 13(1) provides in pertinent part as follows:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court or appeals . . . is timely when it is filed with the Clerk of this Court *within 90 days after entry of judgment*.

Sup. Ct. R. 13(1) (emphasis added). Here, the Second Circuit affirmed Petitioner's conviction and entered judgment on August 21, 2001. That does not end the Court's inquiry, however, as Supreme Court Rule 13(3) provides:

> [I]f a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

### B. *The Parties' Respective Arguments*

Here, it is undisputed that Petitioner's counsel filed a timely motion for rehearing or rehearing en banc on September 4, 2001. That motion was denied by the Second Circuit in an Order filed on October 16, 2001. Subsequently, a second motion for reconsideration was filed by Petitioner and entertained by the Second Circuit. That motion was denied by Order entered

January 11, 2002. Respondent argues that these two motions tolled the 90-day period pursuant to Supreme Court Rule 13.3 and, therefore, the 90-day period within which Petitioner was required to petition for certiorari did not begin to run until January 11, 2002. Applying this date, Petitioner's time to petition for certiorari would have expired on April 11, 2002, 90 days later, and his time to file a § 2225 petition would have expired one year later, on April 11, 2003. Because the instant petition was filed on January 12, 2004, according to Respondent's calculation, the Petition would be untimely.

Petitioner counters that under Supreme Court Rule 13(3), the 90-day period within which he was required to petition for certiorari began to run on October 15, 2002, the date the Second Circuit entered an Order denying his pro se motion for leave to file a second petition for rehearing, which was his fourth motion made before the Second Circuit. According to Petitioner, his conviction became final 90 days later, on January 13, 2003. If the Court were to accept this argument, the one-year limitations period would end on January 13, 2004, and the petition, which was filed on January 12, 2004, would be timely. Thus, the issue before the Court is whether Petitioner's third pro se petition for rehearing and his fourth pro se motion seeking leave to file a second pro se petition for rehearing tolled the running of the 90-day period under Supreme Court Rule 13.3.

C.  *Petitioner's Successive Motions did not Toll the 90-Day Period*

In support of his argument that his third and fourth motions tolled 90-day period, Petitioner asserts that "[a]dditional motions for reconsideration and rehearing are permissible and consistent with appellate and habeas practice. Petitions for <u>en banc</u> determinations and

-6-

rehearing are specifically permitted in the Federal Rules of Appellate Procedures. See Fed. R. App. P. 35. The Federal Rules of Appellate Procedures provide for a very broad motion practice and make no specific limitations on what motions can or cannot be filed. See Fed. R. App. P. 27(a)." (Pet.'s Mem. at 12.) He further contends that although his "pro se petitions were ultimately denied, the filing of such motions was permissible." (*Id.* at 13.) The Court disagrees.

As stated above, the Supreme Court Rules provide that subsequent to the entry of judgment by an appellate court, three events will toll the running of the 90-day period within which a party may file a petition for writ of certiorari: (1) a timely petition for rehearing; (2) an untimely petition for rehearing that is appropriately entertained by the court; or (3) a rehearing that is sua sponte considered by the court. S. Ct. R. 13(1), (3). Upon the occurrence of any of these three events, the 90-day period will be tolled until the appellate court either denies or grants the rehearing.

Here, no party contends that the last event is relevant as there is nothing in the record to suggest that the Second Circuit sua sponte considered rehearing. Thus, the Court must determine whether Petitioner's third motion for rehearing and his fourth motion for leave to file a motion for rehearing constituted timely petitions for rehearing, or were untimely but appropriately entertained by the Second Circuit, such that they tolled the 90-day period under Supreme Court Rule 13(3).

### 1. *Appellate Rules Governing Rehearing*

Federal Rule of Appellate Procedure 40 provides that:

> Unless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment.

Fed. R. App. Proc. 40(a). Similarly, Federal Rule of Appellate Procedure 35 provides that:

> A petition for a rehearing en banc must be filed within the time prescribed by Rule 40 for filing a petition for rehearing.

Fed. R. App. Proc. 35(c).

### 2. *Petitioner's First and Second Rehearing Motions*

In the instant case, the Second Circuit entered judgment on August 21, 2001 and Petitioner's counsel timely filed a motion for rehearing 14 days later, on September 4, 2001. On November 5, 2001, Petitioner's counsel filed a second motion for rehearing, which according to Petitioner, the Second Circuit permitted briefing and argument on. (Pet.'s Mem. at 13.) Thus, the motion was in fact entertained by the Second Circuit and was denied on January 11, 2002. Thus, assuming arguendo that this motion was "appropriately" entertained by the Second Circuit such that its filing tolled the running of the 90-day period under Supreme Court Rule 13.3, the 90-day period would begin to run from January 11, 2002 unless Petitioner can show that his third and fourth motions, filed on March 19, 2002, and September 25, 2002, respectively, served to further toll the clock.

### 3. *Petitioner's Third Rehearing Motion*

On their face, Federal Rules of Appellate Procedure 35 and 40, which provide that petitions for panel rehearing and for rehearing en banc "may be filed within 14 days after entry of judgment," Fed. R. Civ. Proc. 35(c), 40(a), do not authorize second or successive petitions for rehearing. *See National Latex Prods. Co. v. Sun Rubber Co.*, 276 F.2d 167, 168 (6th Cir. 1960) ("Neither the applicable statute nor the rules of this Court authorize a second or successive petitions for rehearing."). Thus, contrary to Petitioner's argument that additional motions for rehearing are permissible, there is nothing in the rules to suggest that is the case. Indeed, to hold otherwise would serve to extend the time for the filing of a petition for certiorari indefinitely by the bringing on of successive petitions for rehearing.

Moreover, Appellate Rule 27(a), cited by Petitioner for the proposition that further motions are permissible, is entitled "Motions In General" and merely provides that "[a]n application for an order or other relief is made by motion unless these rules prescribe another form." Fed. R. App. P. 27(a)(1). Thus, this rule simply sets forth requirements with regard to the filing of motions *in general*. It does not purport to authorize or preclude the filing of any specific type of motion. Appellate Rules 35 and 40, however, specifically govern the filing of motions for rehearing. Because Petitioner's third motion for rehearing was not filed in a timely fashion pursuant to those rules, it cannot toll the time under Supreme Court Rule 13.3 for the filing of a writ of certiorari.

In addition, it is plain from the record that the Second Circuit did not entertain Petitioner's third motion for rehearing within the meaning of Appellate Rule 13.3. There was no briefing and no argument on the motion. In fact, upon receipt of the motion, the docket reads "Problem: Petition was previously DENIED." (Pet. Ex. A.) Most importantly, however, is the fact that Petitioner's third motion for rehearing was filed on March 19, 2002, five days *after* the mandate was issued. Once the mandate was issued, the Second Circuit no longer had jurisdiction over Petitioner's case. *See United States v. Rivera,* 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate."); *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came."). In fact, as recently noted by the Supreme Court:

> A timely rehearing petition, a court's appropriate decision to entertain an untimely rehearing petition, and a court's direction, on its own initiative, that the parties address whether rehearing should be ordered share this key characteristic: All three raise the question whether the court will modify the judgment and alter the parties' rights.

*Hibbs v. Winn,* 542 U.S. 88, 98 (2004). Here, in the absence of a recall of its mandate, the Second Circuit was without jurisdiction to rule on Petitioner's motion and, therefore, no possibility was raised that the Second Circuit might modify its prior judgment. *See, e.g.*, *United States v. Salameh*, 84 F.3d 47, 51 (2d Cir. 1996) (noting that although issuance of mandate removes appellate jurisdiction "we nevertheless may determine that it is appropriate to restore

-10-

jurisdiction by recalling the mandate."); *Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 53 (2d Cir. 1985) ("In the interest of finality of litigation, a panel will ordinarily recall its mandate only in exceptional circumstances.").

In sum, the Court finds that because Petitioner's third motion for rehearing was not timely filed and, further, because it was not "appropriately entertained" by the Second Circuit, this motion did not toll the 90-day period under Supreme Court Rule 13.3.

### 4. *Petitioner's Fourth Rehearing Motion*

As to Petitioner's fourth motion, i.e., his motion for leave to file a further motion for rehearing filed on September 25, 2002, there is nothing in Supreme Court Rule 13.3 to suggest that a motion for *leave* to file a motion for rehearing tolls the time to petition for certiorari. Indeed, the Supreme Court has ruled that that is not the case. *See Gypsy Oil Co. v. Escoe*, 275 U.S. 498, 498-99 (1927) ("The running of the time within which proceedings may be initiated here to bring up judgment or decree for review is suspended by the seasonable filing of a petition for rehearing. But it begins to run from the date of denial of such petition and further suspension cannot be obtained by the mere presentation of a motion for leave to file a second request for rehearing.") (citing *Morse v. United States*, 270 U.S. 151, 153 (1926)). Accordingly, the filing of Petitioner's fourth motion for leave to file a motion for rehearing did not toll the 90-day period within which Petitioner was required to petition for certiorari.

Moreover, Petitioner's citation to the Second Circuit's decision in *Fine* is misplaced. In that case, after the Second Circuit set aside the lower court's verdict for the plaintiffs, the plaintiffs filed petitions for rehearing and for rehearing in banc. 782 F.2d at 51. Both petitions were denied and the Second Circuit thereafter issued its mandate. *Id.* at 53. Plaintiffs then petitioned the Supreme Court for certiorari, which was also denied. *Id.* at 51, 53. Thereafter, plaintiffs filed a motion before the district court to set aside the judgment and grant a new trial pursuant to Federal Rule of Civil Procedure 60. *Id.* at 52-53. That motion was also denied. *Id.* at 52. Plaintiff appealed that decision to the Second Circuit, before a new panel, and it is that appeal which was before the Second Circuit in *Fine*. At that same time plaintiffs brought that appeal, however, they also moved before the original panel for leave to file a second petition for rehearing, for recall of the mandate, and to consolidate that petition with their appeal. *Id.* at 53. That application was denied. *Id.*

The Second Circuit affirmed the district court's denial of plaintiffs' Rule 60 motion and declined to recall the original panel's mandate, noting that "[a]bsent a change in circumstance or law, one panel of an appellate court cannot review the decision of a previous panel." *Id.* at 54. The court also noted that plaintiffs had had "more than their day in court" and that "[a]ll disputes, including this litigation, must finally end." *Id.*

Petitioner argues that the *Fine* decision supports his position that successive petitions for rehearing are proper because "[w]ithout specifically analyzing the propriety" of plaintiffs'

-12-

motion for leave to file a second petition for rehearing, the Second Circuit "implicitly accepted the petition as proper, and stated explicitly that the panel's denial of the motion for leave to file a second petition for rehearing after certiorari, including after denial of a first petition for rehearing en banc, signaled finality in the case." (Pet.'s Mem. at 12-13.) Petitioner's interpretation of *Fine* is misguided.

As an initial matter, even assuming that the Second Circuit found that its denial of the motion for leave to file a second petition after certiorari "signaled finality in the case," the court in *Fine* was not discussing finality of judgments in the context of a § 2255 petition. Rather, it was discussing finality in the context of under what circumstances an appellate court may recall its mandate. As the Supreme Court noted in *Clay*, "[f]inality is variously defined; like many legal terms, its precise meaning depends on context." 537 U.S. at 527. Thus, the Second Circuit dicta in *Fine* that all litigation must come to an end is not relevant to the present analysis.

Moreover, contrary to Petitioner's assertions, there is no language in *Fine* which would suggest that the Second Circuit "implicitly accepted [plaintiffs' motion for leave to file a second petition for rehearing] as proper." Rather, the Circuit was simply noting that plaintiffs had had several opportunities to present their arguments and that "absent a change in circumstance or law," the court could not review the original panel's decision not to recall its mandate. Thus, the *Fine* case does not support Petitioner's position.

### D. *Conclusion*

Having found that Petitioner's pro se, untimely third and fourth motions did not toll the 90-day period under Supreme Court Rule 13(3), the Court now concludes that at the latest, Petitioner's time to file a petition of writ of certiorari began to run on January 11, 2002, the date the Second Circuit denied Petitioner's second motion for reconsideration. Thus, the time for Petitioner to file for a writ of certiorari expired 90 days later, on April 11, 2002. Petitioner then had one year from that date to file this petition, that is, until April 11, 2003. *See* 28 U.S.C. § 2255. Because the instant petition was filed on January 12, 2004, the Court finds that it is time-barred.

## II. *Equitable Tolling*

### A. *Applicable Legal Standard*

Petitioner argues in the alternative that if the Court finds his petition under § 2255 untimely, that the petition should nevertheless be permitted under the principles of equitable tolling. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). The Second Circuit has interpreted the AEDPA's one year limitation period as imposing a statute of limitations subject to equitable tolling rather than a jurisdictional bar immune to equitable modification. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that the doctrine of equitable tolling may be applied in federal habeas petitions under 28

U.S.C. § 2244); *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that the one year deadline imposed by the AEDPA for the filing of federal habeas petitions under 28 U.S.C. § 2255 established a statute of limitations which may therefore be equitably tolled).

The Second Circuit has cautioned that "[e]quitable tolling applies only in the rare and exceptional circumstance[]." *Smith*, 208 F.3d at 17 (citation and internal quotation marks omitted). Accordingly, "[t]o equitably toll the one-year limitations period, a petitioner 'must show that extraordinary circumstances prevented him from filing his petition on time,' *and* he 'must have acted with reasonable diligence throughout the period he seeks to toll.'" *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (emphasis added) (quoting *Smith*, 208 F.3d at 17)). The Second Circuit has expounded on this two-part test as follows:

> To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file *after the extraordinary circumstances began*, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing. In a case where the alleged extraordinary circumstances ceased early in the limitations period, we inquire whether the petitioner diligently pursued his application in the time remaining.

-15-

*Id.* (internal citations and quotation marks omitted). Thus, "the presence of extraordinary circumstances is not enough . . . to justify the application of equitable tolling. A petitioner must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (citing *Hizbullahankhamon*, 255 F.3d at 75). In order to determine whether the petitioner acted with reasonable diligence, a "court should ask: did the petitioner act as diligently as reasonably could have been expected *under the circumstances?*" *Id.*

Finally, the Court notes that Petitioner has the burden of proving that equitable tolling is appropriate. *United States v. All Funds Distributed To*, 345 F.3d 49, 55 (2d Cir. 2003).

### B. *The Petition is Not Subject to Equitable Tolling*

Petitioner asserts that the statutory time limit should be equitably tolled because he has "proceeded *pro se* since March 19, 2002, was extraordinarily diligent in his efforts to seek review and guidance from the appellate court at every level, and justifiably relied on the final decision of the Second Circuit denying his pro se motion for leave to file a second pro se motion for reconsideration and rehearing en banc as the triggering date. The docket sheet in this case offers compelling evidence of the extraordinary circumstances including the fact that Petitioner did not receive notice of court decisions and letters, and overwhelmingly demonstrates Petitioner's diligent efforts to seek final review at the appellate level in every conceivable manner." (Pet.'s Mem. at 15.)

As an initial matter, the Court notes that Petitioner's incarceration or the fact that he was proceeding pro se are not circumstances that warrant equitable tolling. *See Baldayaque*, 338 F.3d at 152 ("[T]he usual problems inherent in being incarcerated do not justify equitable tolling."); *Smith*, 208 F.3d at 18 ("Smith's *pro se* status . . . does not merit equitable tolling."); *Huang v. United States*, No. 03 Civ. 3755, 2003 WL 22272584, at *2 (S.D.N.Y. Oct. 2, 2003) ("'[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.'") (quoting *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)); *see id.* at *3 (collecting cases).

Moreover, Petitioner's assertions that "[u]ntil the Second Circuit informed him that they no longer had jurisdiction, he understood that his applications for reconsideration and rehearing were appropriately brought, and [were] pending, before that court," (Resp't's Mem. at 18), or that he justifiably relied on the Second Circuit's denial of his pro se motion for leave to file a second motion for rehearing as the triggering date for the statutory period under § 2255, do not constitute "rare and exceptional" circumstances and thus are not valid grounds for equitable tolling. Indeed, "[m]any prisoners are not familiar with the federal legal system . . . To toll the statute of limitations for all such prisoners while they . . . educate themselves in the law, would defeat the limiting purpose of AEDPA." *Huang*, 2003 WL 22272584, at *3.

Finally, Petitioner claims that his failure to receive "notice of court decisions and letters" constitutes extraordinary circumstances which warrants the application of equitable tolling. (Pet.'s Mem. at 15.) Specifically, Petitioner claims he did not receive notice of what he characterizes as the Second Circuit's denial of his third request for reconsideration and rehearing, dated March 19, 2002, and of the Second Circuit's Order on October 15, 2002, denying his fourth motion for leave to file a motion for rehearing. He therefore asserts that until he received notification from Second Circuit via letter dated January 16, 2003, informing him that the court no longer had jurisdiction over his case, he "understood that his applications for reconsideration and rehearing were appropriately brought." (Pet.'s Mem. at 18.)

With regard to the March 19, 2002 docket entry, the docket sheet reflects that Petitioner's third petition for rehearing was received by the Second Circuit on March 19, 2002 and a notation was entered which reads: "Problem: Petition was previously DENIED." (Pet. Ex. A.) There is nothing in the docket sheet which indicates that the Second Circuit entered an order denying the third petition on March 19, 2002, or for that matter, on any other date. As to the October 15, 2002 Order, the docket sheet does reflect that a copy of this order was sent to Petitioner by the Second Circuit and was returned marked "'Forwarding Order expired.'" (*Id.*)

The fundamental flaw in Petitioner's argument is that neither the March 19, 2002 notation on the docket, nor the October 15, 2002 order, had any impact on the timeliness of his petition. As noted above, Petitioner's judgment of conviction became final for § 2255 purposes

on April 11, 2002, 90 days after the Second Circuit denied his second petition for rehearing. Petitioner then had one year within which to file his petition, which was due on April 11, 2003. *See* 28 U.S.C. § 2255. Essentially, what Petitioner's argument boils down to is that he was unaware that the Second Circuit had no jurisdiction to entertain his two pro se applications until they told him. As noted above, unfamiliarity with the legal process or principles of law is clearly insufficient to merit equitable tolling.[1] *Compare Valverde*, 224 F.3d at 133 (confiscation of prisoner's legal papers by corrections officer shortly before § 2255 filing deadline may justify equitable tolling).

Moreover, even assuming arguendo that his failure to receive notice of these entries constituted an "extraordinary circumstance," Petitioner cannot show that this extraordinary circumstance actually prevented him from filing a timely habeas petition. *See Valverde*, 224 F.3d at 134. As noted in *Valverde*, such a showing cannot be made where, as here, Petitioner "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* There is nothing to suggest that Petitioner was prevented from filing a timely habeas petition. Although Petitioner argues that he acted diligently in "exhausting all possible avenues and remedies at the appellate level before proceeding with a habeas petition," (Pet.'s Mem. at 21), Petitioner's diligent efforts to seek further review at the appellate level do

---

[1] Indeed, it is undisputed that Petitioner was aware that on January 11, 2002, the Second Circuit denied his second motion for rehearing and that on March 14, 2002, the Second Circuit issued its mandate.

-19-

not help his cause here. Rather, Petitioner has merely presented evidence that he went to misguided lengths to obtain rehearing. In following that course, he allowed the time to file a § 2255 petition to expire. Such circumstances, as noted, are insufficient to trigger the concept of equitable tolling.

## CONCLUSION

For the foregoing reasons, the petition is denied. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, N.Y.
       December 29, 2005

/s
Denis R. Hurley,
United States District Judge