```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN J. SABBETH,
```

                        Petitioner,                             **MEMORANDUM OF DECISION AND ORDER**
                                                                                        04-CV-0105 (DRH)

              - against-

UNITED STATES OF AMERICA,

                        Respondent,
----------------------------------------------------------X

**A P P E A R A N C E S :**

**Attorney for Petitioner:**
**INGA L. PARSONS, ESQ.**
5 Bessom Street, No. 234
Marblehead, MA 01945

**Attorney for Respondent:**
**ROSLYNN R. MAUSKOPF**
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201
By: Charles S. Kleinberg, A.U.S.A.

**HURLEY, Senior District Judge:**

       Stephen J. Sabbeth ("Sabbeth") moves for reconsideration of this Court's December 29, 2005 Memorandum of Decision and Order (the "December 29, 2005 Order") which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In the alternative, Sabbeth seeks the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253. For the reasons stated below, both applications are denied.

# DISCUSSION

## I. Sabbeth's Motion for Reconsideration

### A. Applicable Legal Standard

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

### B. Sabbeth's Motion for Reconsideration is Denied

In the December 29, 2005 Order, the Court found that: (1) Sabbeth's petition, filed on January 12, 2004, was untimely as it was not filed within the one year time limit set forth in 28

U.S.C. § 2255; and (2) Sabbeth was not entitled to equitable tolling. By the instant motion, Sabbeth seeks reargument, asserting that the Court erred on both grounds.[1]

With regard to the former, viz. the timeliness of the petition, Sabbeth argues that both his March 19, 2002 and September 25, 2002 pro se motions tolled the limitations period under 28 U.S.C. § 2255. With respect to the latter, viz. the application of equitable tolling, Sabbeth contends that he justifiably relied on the Second Circuit's October 15, 2002 denial of his second pro se motion for leave to file a petition. He further asserts that his case is "*sui generis* because of a combination of factors including the pro se capacity, the incarceration, the inability to receive certain mailings, the filings received from the Court, and the history of diligency, which, individually may not be enough, in total amount to equitable basis for tolling." (Sabbeth's Mot. for Recons. at 4.)

All of Sabbeth's arguments were presented to the Court in the underlying motion papers and were addressed in the December 29, 2005 Order. It is well-established that a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Pannonia Farms, Inc. v. USA Cable,* No. 03 Civ. 7841, 2004 WL 1794504 (S.D.N.Y. Aug. 10, 2004), at *2 (noting that reconsideration is not an opportunity to take "a 'second bite at the apple' for a party dissatisfied with a court's ruling."). Because Sabbeth has failed to present any new arguments or facts, he has not satisfied the strict standard for reconsideration. Accordingly, his motion for reconsideration is denied.[2]

---

[1] In his moving papers, Sabbeth advances only one argument, *i.e.*, that the Court erred in not applying the doctrine of equitable tolling. In his reply papers, however, Sabbeth argues for the first time that the Court also erred in declaring the petition untimely.

[2] In seeking reconsideration, Sabbeth also requests that the Court review the merits of his petition, including his claim that he was denied the effective assistance of counsel. Because the

## II. Sabbeth's Motion for a Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 484 (emphasis added). "*Slack* makes it clear that this formulation 'allows and encourages the court to first resolve procedural issues.'" *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005) (quoting *Slack*, 529 U.S. at 485); *see also Slack*, 529 U.S. at 485 ("Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.").

Here, after careful review of the papers submitted, the Court concludes that "jurists of reason" would not find that the Court's December 29, 2005 Order dismissing the petition as time barred is "debatable." Having made such determination, the Court therefore declines Sabbeth's request to analyze the underlying merits of his constitutional claims. Accordingly, Sabbeth's application for a certificate of appealability is denied.

---

Court has already held that his petition is time barred, any review of the merits is unnecessary. Moreover, Sabbeth's claim of ineffective assistance does not relate in any way to the filing of his petition, but rather pertains to counsel's representation of Sabbeth during the trial and at sentencing. Thus, this claim has no bearing on the timeliness of the petition.

## CONCLUSION

For the foregoing reasons, Sabbeth's motion for reconsideration and his application for a certificate of appealability are denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.
October 30, 2006

                                       /s/
                                   Denis R. Hurley,
                                   United States Senior District Judge